In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-3288

ERIC BLACKMON,

*Plaintiff-Appellee,*

*v.*

GREGORY JONES, JAMES SANCHEZ, and EUGENE SCHLEDER,

*Defendants-Appellants.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 CV 767 — **Lindsay C. Jenkins**, *Judge.*

ARGUED AUGUST 6, 2024 — DECIDED MARCH 20, 2025

Before EASTERBROOK, ST. EVE, and KOLAR, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Eric Blackmon was arrested in 2002 and charged with murder. He was convicted after a bench trial in 2004. State judges in Illinois rejected all of his efforts to upset that conviction. But we directed a district court to hold an evidentiary hearing on the question whether the failure of Blackmon's lawyer to interview potential alibi witnesses made the conviction unreliable. *Blackmon v. Williams*, 823 F.3d 1088 (7th Cir. 2016). On remand the district court

found in Blackmon's favor and ordered him released unless retried. *Blackmon v. Pfister*, 2018 U.S. Dist. Lexis 19874 (N.D. Ill. Feb. 7, 2018). The state did not appeal and elected to release Blackmon rather than retry him.

Blackmon then turned the tables and filed this suit under 42 U.S.C. §1983 against three of the police officers who investigated the crime. Two eyewitnesses to the murder identified Blackmon as an assailant. Police showed these witnesses a photo array containing pictures of Blackmon plus several other persons, and the witnesses also viewed Blackmon and others in a lineup. Both witnesses identified him at trial. He asserts in this suit that the photo array and lineup were unconstitutionally suggestive because he was the only person who wore his hair in braids—and both witnesses had described braids as one of the shooter's characteristics. The Constitution forbids the use at trial of identifications obtained by unduly suggestive procedures when those procedures pose a risk of "irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384 (1968). See also, e.g., *Manson v. Brathwaite*, 432 U.S. 98 (1977); *United States v. Johnson*, 745 F.3d 227 (7th Cir. 2014).

The defendant officers moved for judgment on the ground of qualified immunity. The district court denied this motion after concluding that it is clearly established that the results of unduly suggestive photo arrays and lineups must not be used at trial. Because that legal rule is clearly established—and has been at least since *Simmons* was decided in 1968—the judge concluded that immunity is unavailable. 2023 U.S. Dist. Lexis 195021 (N.D. Ill. Oct. 31, 2023). Defendants immediately appealed.

Blackmon asks us to dismiss the appeal for lack of jurisdiction. The Supreme Court held in *Johnson v. Jones*, 515 U.S. 304 (1995), that a pretrial appeal based on a defense of qualified immunity cannot be used to contest issues of fact. Still, a defendant who denies some or all of a complaint's factual allegations is free to argue that, even if all factual matters are taken favorably to the plaintiff, qualified immunity is available. *Brumitt v. Smith*, 102 F.4th 444, 448 (7th Cir. 2024). We proceed on the assumption that Blackmon can prove every fact he alleges. On this understanding, appellate jurisdiction is secure.

Three years ago the Supreme Court held in *Vega v. Tekoh*, 597 U.S. 134 (2022), that §1983 cannot be used to obtain an award of damages against the police for a violation of the *Miranda* procedures (see *Miranda v. Arizona*, 384 U.S. 436 (1966)) during the elicitation of statements later introduced at trial. The Court proceeded in two steps: first, it asked whether the omission of *Miranda* warnings is the sort of constitutional violation that entitles a suspect to damages even if the suspect's statements are never used at trial; second, it asked whether the introduction of these statements at trial changes the outcome. It answered "no" to both questions. We proceed in the same manner to address suggestive identifications.

First question: Do the police violate a suspect's constitutional rights by showing witnesses a suggestive photo array or conducting a suggestive lineup? They do not. Blackmon was not present during the presentations of the photo arrays, and although he was present at the lineups he does not contend that the police violated any right of his by requiring his attendance. His complaint is not that he was there but that the other people in the lineup did not look enough like him.

Suppose a prosecutor had concluded that the lineup or array was too suggestive and told the police to put the results in the file. The material in a drawer would not have violated Blackmon's rights—and would not have done so even had the eyewitnesses said something that led the police to other, more reliable, evidence. Because conducting identification procedures did not violate Blackmon's rights, a derivative use also would not have violated Blackmon's rights. See *United States v. Payner*, 447 U.S. 727 (1980). Blackmon himself describes the right in question—the right established by *Simmons* and its successors—as "the Due Process right to a fair trial" (Br. 25; see also Br. 26–27 & n.4). And that is exactly how we have described the entitlement: a right to a trial untainted by evidence obtained through unduly suggestive methods. *Alexander v. South Bend*, 433 F.3d 550, 555 (7th Cir. 2006).

Second question: Do *the police* violate the suspect's constitutional right to a fair trial by introducing into evidence the results of a suggestive identification? This question focuses not on the "what" but on the "who". For the police do not introduce evidence at trial. That is done by prosecutors, and rulings on admissibility are made by judges.

A prosecutor's use of evidence at trial is a weak ground of liability for police officers. The people who make the decisions—prosecutors and judges—are outside police officers' control and cannot be liable. A prosecutor has absolute immunity for acts during trial. See, e.g., *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). The judge too has absolute immunity. See, e.g., *Imbler v. Pachtman*, 424 U.S. 409 (1976). The three defendant officers had absolute immunity for their testimony. See *Rehberg v. Paulk*, 566 U.S. 356 (2012). These immunities create a temptation to drop liability on the head of someone who

might be ordered to pay damages: an officer in his capacity as an investigator. But since an investigating officer is not responsible for the decisions of the prosecutor and the judge, without which there could not have been a problem under the Due Process Clause, it is hard to see why damages would be appropriate.

*Vega* wrapped up by holding that, because *Miranda* creates a trial right, the appropriate remedy is one *at* trial: exclusion of wrongfully obtained evidence. 597 U.S. at 152. "[E]xcept in unusual circumstances, the 'exclusion of unwarned statements' should be 'a complete and sufficient remedy.'" *Ibid*. That is equally true of eyewitness identifications potentially influenced by suggestive procedures.

Blackmon had an opportunity to move for the exclusion of any identification testimony by the two eyewitnesses. Indeed, his lawyer filed such a motion. Yet, on the day set for the evidentiary hearing, counsel withdrew the motion. The record does not show why; perhaps this decision, too, reflects ineffective assistance. No matter the reason, counsel's choice cannot be blamed on the officers. Blackmon had an opportunity to keep the testimony out of evidence and did not use it.

*Vega* has a proviso: "unusual circumstances". What might these be? It is not hard to imagine them. Suppose the police coached the witnesses to identify the suspect but told the prosecutor that they had not done so. Or suppose the police had only one lookalike in the photo array but then furnished the prosecutor with a bogus array containing six or eight similar persons. By defrauding the prosecutor or otherwise manufacturing evidence, the police could undermine the value of the safeguards offered against the admission of unduly suggestive evidence. That would create the sort of "unusual

circumstances" that could justify awards of damages against the police. Cf. *Jones v. Chicago*, 856 F.2d 985 (7th Cir. 1988).

Blackmon makes allegations along these lines. He asserts that the officers lied when they told prosecutors that one of the eyewitnesses had identified him during the lineup. Blackmon also maintains that the police later coerced this witness to testify adversely at trial. These are serious charges and, if established, would entitle Blackmon to damages. But they are not at issue on this appeal. The officers have not asked for qualified immunity with respect to the counts of Blackmon's complaint that charge them with manufacturing evidence or coercing testimony. Their appeal is limited to Blackmon's contention that an unduly suggestive photo array or lineup *by itself* entitles an accused to damages. And our answer—that it does not—is limited to that issue. Blackmon's appropriate remedy on that subject would have been exclusion of evidence at trial, not damages.

We have so far looked at this suit using the framework established by *Vega* in 2022. A different perspective would ask whether, in 2002, when the police obtained these identifications, it was clearly established that investigating officers could be personally liable under §1983 for conducting a suggestive lineup. The answer is no. Before 2002 neither this circuit, nor any other, had held that an officer could be liable for employing suggestive identification procedures. See *Hensley v. Carey*, 818 F.2d 646, 649–50 (7th Cir. 1987) (rejecting an argument for liability under these circumstances, although the suggestive identification led to pretrial detention).

And it did not become clearly established in the years between 2002 and 2022 that officers could be personally liable for suggestive identification procedures. Even as late as 2022,

this circuit expressed uncertainty about how the law treats these situations, *Holloway v. Milwaukee*, 43 F.4th 760, 766 (7th Cir. 2022). At least one other circuit held that damages for suggestive identification procedures would be "unprecedented and unwarranted" unless the officer misled the prosecutor or lied to the judge. *Wray v. New York*, 490 F.3d 189, 193 (2d Cir. 2007). We agree with *Wray* that any "violation [of the right to a fair trial] was caused by the ill-considered acts and decisions of the prosecutor and trial judge" (and, here, defense counsel too). *Ibid*. Blackmon has not cited, and we have not found, any appellate decision holding police officers liable in damages when judges allowed prosecutors to introduce suggestive identifications into evidence at trial. The absence of a clearly established right entitles the defendants in this case to qualified immunity.

REVERSED